IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–03374–WJM–KMT

JOSEPH D. CHEAVENS,

      Plaintiff,

v.

PUBLIC SERVICE CORPORATION OF COLORADO, D/B/A EXCEL ENERGY,
MATT JANOWIAK, as Ranger, Columbine District, San Juan National Forest,
KARA CHADWICK, as Supervisor, San Juan National Forest, and
NATIONAL FOREST SERVICE, an agency of the United States, Department of Agriculture,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Forest Service Defendants' Motion to Dismiss." (Doc. No. 28 ["Mot."], filed April 20, 2015.)  Plaintiff filed a Response (Doc. No. 30 ["Resp."], filed May 19, 2015), to which Defendant replied.  (Doc. No. 32 ["Reply"], filed June 10, 2015.)  Also pending before the court is "Plaintiff's Motion for Leave to File a Second Amended Complaint" (Doc. No. 41, filed June 22, 2015), to which Defendants have responded (Doc. No. 46, filed July 10, 2015; Doc. No. 49, filed July 15, 2015) and Plaintiff has replied.  (Doc. No. 53, filed July 27, 2015.)

## STATEMENT OF CASE

      In the interest of brevity, the court adopts and incorporates the Statement of the Case set forth in the Recommendation filed contemporaneously herewith, in which the court

recommended granting the Motion to Dismiss filed by Defendant Public Service Corporation of

Colorado.  (the "PSC Recommendation".)  Specific to the claims asserted against the remaining

Defendants, the court adds that following completion of the reclamation, Plaintiff informally

requested, through Defendant Ranger Janowiak, the NFS require PSC to "perform reclamation as

required by the DM."  (Am. Comp. at 20.)  Ranger Janowiak refused Plaintiff's request, stating

that the reclamation work was done in accordance with the DM.  (*Id.*; Doc. No. 30-3.)  Plaintiff

filed an administrative appeal of Ranger Janowiak's decision to Defendant Chadwick, Forest

Supervisor.  In his appeal, Plaintiff asserted that PSC's reclamation did not comply with the

terms of the DM and that the NFS had failed to comply with the Archaeological Resources

Protection Act ("ARPA"), 16 U.S.C. § 470aa, *et seq.*, prior to issuing the DM.  (Am. Comp. at

20-21; Doc. No. 30-1 at 3-10.)  Defendant Chadwick denied Plaintiff's appeal, upholding Ranger

Janowiak's finding that PSC's reclamation met the intent of the DM and finding that the NFS

had adequately complied with the ARPA.  (Am. Comp. at 21; Doc. No. 30-2 at 2.)

By this action, Plaintiff asserts claims under the Administrative Procedures Act, 5 U.S.C.

§ 701, *et seq.*, to appeal Supervisor Chadwick's decision, and to raise claims under the ARPA,

*supra*; the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470, *et seq.*; and, the

Historic and Archaeological Data Preservation Act ("AHPA"), 16 U.S.C. § 469.[1]  Plaintiff also

seeks a writ of mandamus and declaratory judgment related to each of these claims.  Defendants

National Forest Service, Ranger Janowiak and Forest Supervisor Chadwick ("Defendants") have

moved to dismiss each of Plaintiff's claims.

---

[1] The NHPA and AHPA were repealed, effective December 19, 2014, subsequent to the events
underlying this lawsuit.  *See* National Park Service and Related Programs, Pub. L. No. 113-287,
§ 7, 128 Stat. 3094, 3272-77 (2014).  There is no dispute between the parties that each Act and
their underlying requirements were in effect at all time periods relevant to this lawsuit.

# LEGAL STANDARDS

## 1. *Pro Se* Attorney

Plaintiff proceeds *pro se*, but the Court is not obliged to construe his pleadings liberally as he is an attorney.  (Mot. at 4; Doc. No. 32-1.)  *See Miller v. Wulf*, __ F. App'x __, 2015 WL 7753498, at *1 (10th Cir. 2015); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

## 2. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679-81.  Second, the Court considers the factual allegations "to determine if

they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (internal quotations omitted).

## ANALYSIS

## 1.  Administrative Procedures Act

In his Amended Complaint, Plaintiff indicates that he is bringing his claims against the Defendants pursuant to 5 U.S.C. § 706(1) of the Administrative Procedures Act ("APA") "for

failure of the agency to perform its duties under the statutes and regulations governing the operation of the National Forest System and under ARPA, NHPA, and 16 U.S.C. § 469." (Am. Comp. at 5.) Section 706(1) of the APA provides that a reviewing court can "compel agency action unlawfully withheld or unreasonably delayed."

Defendants request dismissal of Plaintiff's Amended Complaint arguing that an administrative appeal challenging Supervisor Chadwick's decision cannot be properly raised under § 706(1), but instead must be brought under § 706(2). (Mot. at 14-19.) In response, Plaintiff contends that "the Amended Complaint, fairly read, and certainly construed in the light most favorable to the plaintiff as required by the case law [], seeks both judicial review under Section 706(2) of the denial of his appeal and an order compelling agency action unlawfully withheld under Section 706(1)."[2] In their Reply, Defendants assert that this argument equates to amending Plaintiff's Complaint through his Response rather than by formal amendment and therefore, the court should disregard it. (Reply at 3-5.)[3]

Defendants' point is well-taken. A "fair reading" of Plaintiff's Amended Complaint would not equate to the inclusion of a statutory provision to which he never cited nor in any other way relied upon in bringing this action. Moreover, as Defendants point out, § 706(2) has six subparts upon which a plaintiff can choose to rely in challenging an agency action, providing that a reviewing court can:

> (2) hold unlawful and set aside agency action, findings and conclusions found to be –

---

[2] Plaintiff's Motion to Amend contemplates filing a Second Amended Complaint in order to clarify that he intended to bring his claims under the APA pursuant to both § 706(1) and § 706(2). (Doc. Nos. 41, 41-3.)
[3] Defendants also offer alternative arguments addressing the merits of Plaintiff's claims under § 706(2).

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

*Id.* Though the most likely subparts upon which Plaintiff intends to rely are subparts (A) and/or (D), in light of his failure to directly reference § 706(2), the court and parties are, to some extent, left to speculate as to Plaintiff's intent as to each claim. Nevertheless, after reviewing the pleadings, claims, defenses, requests for dismissal and related case law, as well as the pending Motion to Amend, the court finds it is in the interest of judicial efficiency to address Plaintiff's claims as brought pursuant to § 706(1) and § 706(2).

### a. Section 706(1)

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "Where no other statute provides a private right of action, the 'agency action' complained of must be a 'final agency action.'" 5 U.S.C. § 704. "[A]gency action" is defined in § 551(13) to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55,

6

63 (2004) (*"SUWA"*) (quoting 5 U.S.C. § 704).  The APA provides relief for a failure to act in §706(1): "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."

When a plaintiff claims that an agency has failed to act, the plaintiff must assert "that an agency failed to take a *discrete* agency action that it is r*equired to take*."  *Id.* at 64 (emphasis in original).  Construing this requirement, the Supreme Court clarified:

> A "failure to act" is not the same thing as a "denial."  The latter is the agency's act of saying no to a request; the former is simply the omission of an action without formally rejecting a request - for example, the failure to promulgate a rule or take some decision by a statutory deadline.

*Id.* at 63.  Relying on *SUWA*, Defendants contend that Plaintiff's challenge to Defendants' denial of his appeal is not reviewable under § 706(1) because he is challenging the "denial of Plaintiff's attempt to administratively appeal the implementation of the [DM] – *not* the Forest Service's failure to act."  (Mot. at 14-15) (emphasis in original).  The court agrees.

Though Plaintiff contends that Defendants failed to carry out various federal requirements in issuing and implementing the DM, Defendants disagree and formally denied Plaintiff's claims on appeal.  Thus, this is not a situation in which Defendants failed to act.  Instead, Plaintiff disagrees with the actions Defendants took.  Challenges to specific agency actions fall under § 706(2).  *High Country Citizen's All. v. Norton*, 448 F. Supp. 2d 1235, 1249-50 (D. Colo. 2006) (noting that *SUWA* allows for challenges to specific agency actions under § 706(2)) (citing *Oregon Nat. Res. Council Fund v. Brong*, No. Civ.04-693-AA, 2004 WL 2554575, at *10 (D. Or. Nov. 8, 2004) (finding that *SUWA* allowed a challenge to specific final agency actions under § 706(2) of the APA that the BLM failed to conform to the provisions of a resource management plan); *Oregon Nat. Desert Ass'n v. United States Forest Serv.*, No. Civ.

03-381-HA, 2004 WL 1592606, at *9 (D. Or. July 15, 2004) (concluding that the plaintiffs'

dispute of decisions to authorize grazing allegedly inconsistent with forest plan requirements fell

within the kinds of dispute recognized in *SUWA* as valid and viable as challenges to discrete,

final agency actions pursuant to § 706(2) of the APA); *Puglia Eng'g v. United States Coast*

*Guard*, No. C 04-04794 CRB, 2005 WL 106785, at *4 (N.D.Cal. Jan.18, 2005) (holding that

*SUWA* did not preclude the review of the Coast Guard's granting, but then rescinding, the award

of a contract where the plaintiff's claims fell under 5 U.S.C. § 706(2)(A), not § 702(1)).

### b. ARPA

As Plaintiff raised in his appeal to Supervisor Chadwick, he contends that Defendants

failed to adequately comply with the requirements of the ARPA prior to issuing and

implementing the DM.  The ARPA and its implementing regulations establish a permitting

regime to allow those focused on archaeological resources to maintain access to those resources

on federal land.  *See* 16 U.S.C. § 470cc.  It prohibits any person from damaging or otherwise

altering "any archaeological resource located on public lands [] unless such activity is pursuant

to a permit issued under [this Act]."  16 U.S.C. §470ee(a).  Plaintiff asserts that, contrary to

Defendants' conclusion, the access road is an archaeological resource and therefore, Defendants

were required and failed to follow ARPA's permitting regime prior to issuing the DM.  He

further argues that Defendants' failure to "consider the applicability of the ARPA and its failure

to go through the required permitting process is grounds alone to reverse Supervisor Chadwick's

denial of the appeal."  (Resp. at 14.)

Defendants moved to dismiss this claim on several grounds including their contention

that the ARPA does not apply to the 2013-2014 work.  (Mot. at 24-26; Reply at 18-21.)  The

court agrees.  Based on the same reasoning more fully set forth in the PSC Recommendation, the court concludes that the ARPA's requirements do not apply to the DM and SUP in this matter. The ARPA's savings provision, 16 U.S.C. § 470kk(a) and its implementing regulation,  43 C.F.R. § 7.5, exclude the DM from the ARPA because the underlying project was "exclusively for purposes other than the excavation and/or removal of archaeological resources."  43 C.F.R. § 7.5(b)(1).  Thus, Defendants' denial of Plaintiff's appeal on this basis was not arbitrary or capricious.

### c. NHPA

Plaintiff also argues that Defendants failed to comply with the NHPA prior to issuing the DM and SUP.  Defendants concede that Plaintiff could bring an APA claim based on the NHPA "because the SUP was a 'final agency action' that can be challenged by an 'aggrieved' party as 'not in accordance with the law' or 'without observance of procedure required by the law.'" (Mot. at 26) (citing 5 U.S.C. §§ 702, 704, 706(2)(A), (2)(B)).  However, as an initial matter, Defendants request the court dismiss this claim based on Plaintiff's failure to exhaust his administrative remedies because he did not raise this issue in his appeal to Supervisor Chadwick. (Doc. No. 30-1 at 3-10; Mot. at  27-29; Reply at 22-23.)

Plaintiff was required to "exhaust all administrative appeal procedures" prior to filing this lawsuit against Defendants.  7 U.S.C. § 6912(e); *Forest Guardians v. United States Forest Serv.*, 495 F.3d 1162, 1170 (10th Cir. 2007).  Exhaustion requires that a party bringing a claim must have previously presented that claim to the United States Forest Service "in 'sufficient detail to allow the agency to rectify the alleged violation.'"  *The ARK Initiative v. United States Forest Serv.*, 660 F.3d 1256, 1262 (quoting *Forest Guardians,* 495 F.3d at 1170).

Plaintiff concedes that he did not raise the NHPA in his appeal but contends that he should be excused from the exhaustion requirement.  He argues that because Supervisor Chadwick addressed the NHPA in her decision denying Plaintiff's appeal, exhausting this claim now would be futile.  (Doc. No. 30-2; Resp. at 30.)  The court concludes that it is not necessary to resolve the issue of whether a futility exception applies to the APA's exhaustion requirement because even excusing Plaintiff's failure to exhaust, the court finds that his NHPA claim should be dismissed.

Defendants alternatively requested the court dismiss the NHPA claim because the Amended Complaint and related filings evidence that they complied with NHPA requirements. (Mot. at 29-32; Reply at 23-28.)  The "NHPA 'has a fairly broad mandate, in keeping with the longstanding Congressional interest in historic preservation' and 'requires each federal agency to take responsibility for the impact that its activities may have upon historic resources, and establishes the Advisory Council on Historic Preservation . . . to administer the Act.'"  *Nat'l Post Office Collaborate v. Donahoe,* No. 3:13cv1406 (JBA), 2014 WL 6686691, at *11 (D. Conn. Nov. 26, 2014) (quoting *Bus. & Residents All. of E. Harlem*, 430 F.3d 584, 590 (2d Cir. 2005). Section 106 of the NHPA requires that federal agencies "take into account the effect of [any] undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register [of Historic Places]."  16 U.S.C. § 470f.  The regulations implementing the NHPA require agencies "to consult with state historic preservation officers ('SHPOs'), make reasonable and good faith efforts to identify historic properties, determine their eligibility for listing in the National Register of Historic Places, and assess the effects of a project on such properties."  *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 447

(2d Cir. 2004).  The agency is required to notify and solicit comment from the Advisory Council

on Historic Preservation, *see* 16 U.S.C. § 470f, and consult with the appropriate SHPO "to

develop and evaluate alternatives or modifications to the undertaking that could avoid, minimize,

or mitigate adverse effects on historic properties."  36 C.F.R. § 800.6(a).

Plaintiff's claim relies upon a finding that Defendants failed to "act in accordance with"

or "with the observance of procedure required by" the NHPA.  *See* 5 U.S.C. §§ 706(2)(A),

(2)(B).  In the DM, Ranger Janowiak specifically stated that prior to approving the SUP, he

considered various environmental impacts and resource conditions, including but not limited to:

> Archaeological sites, or historic properties or areas: A cultural records search and
> field survey was conducted for the project location.  Three sites were recorded
> within the project area on private lands, only one of which is considered eligible
> for inclusion on the National Register.  No adverse impacts from the access road
> were identified with implementation of one mitigation measure.  Consultation
> with SHPO has occurred.

(DM at 9.)  Thus, Defendants (1) consulted with an SHPO, *see* 36 C.F.R. §§ 800.3, 800.4; (2)

identified three historical sites and evaluated their historical significance, *see* 36 C.F.R. § 800.4;

(3) assessed adverse effects the project could have on the identified historical sites, see 36 C.F.R.

§ 800.5; and, (4) resolved the adverse effect by implementing a mitigation measure, s*ee* 36

C.F.R. § 800.6.  The DM evidences compliance with the NHPA requirements.

The crux of Plaintiff's claim is that Defendants erred by concluding that the access road

was not eligible for listing in the National Register of Historic Places.  (Resp. at 25, 27.)

However, even if Defendants erred in their conclusion, the NHPA required only that Defendants

take certain procedural steps to identity cultural resources, take those resources into account and

attempt to mitigate the same.  *See* 16 U.S.C. § 460f; 36 C.F.R. § 800.6(a).  Plaintiff has not cited

to, nor has the court found, any cases in which a federal agency was found to have violated the

NHPA based on the agency's conclusions upon completing the NHPA requirements.  *See, cf., San Juan Citizens All. v. Norton*, 586 F. Supp. 2d 1270, 1294 (D.N.M. 2008) ("[T]he NHPA only requires that an agency take procedural steps to identify cultural resources; it does not impose a substantive mandate on the agency to protect the resources." (citing *Valley Comty. Pres. v. Mineta*, 373 F.3d 1078, 1085 (10th Cir. 2004)); *Nat'l Indian Youth Council v. Andrus,* 501 F. Supp. 649, (D.N.M. 1980) ("NHPA is essentially a "procedural tool," 36 C.F.R. Part 60.2(c), whose function culminates during the planning stage and terminates, as to each phase of a project, upon the commencement of construction."  (citing 36 C.F.R. Part 800.7(a)).

Plaintiff has alleged, at most, a disagreement with Defendants' conclusions after they performed NHPA requirements.  Such a disagreement is not sufficient to support a viable claim that Defendants failed to act "in accordance with" or "without observance of procedure required by" the NHPA.  5 U.S.C. §706(2)(A).

**d. AHPA**

For his final statutory challenge, Plaintiff claims that Defendants violated the AHPA during implementation of the DM by destroying or damaging the access road.  (Am. Comp. at 19; Resp. at 28.)  As an initial matter, Defendants again argue that because Plaintiff failed to raise this issue in his appeal to Supervisor Chadwick, this claim should be dismissed based on his failure to exhaust his administrative remedies.  *See* 7 U.S.C. §6912(e).  Plaintiff again argues futility, this time based on Defendants' "attitude . . . concerning the historical and archaeological status of the [access] road."  (Resp. at 28.)  Again, the court will leave unresolved the question of futility as applied to APA exhaustion requirements because even excusing Plaintiff's exhaustion, the court finds the underlying claim should be dismissed.

The AHPA, 16 U.S.C. § 469, *et seq.*, provides protection to "historical and archaeological data" that might otherwise be irreparably lost or destroyed as the result of . . . any alteration of the terrain caused as a result of any Federal construction project or federally licensed activity or program." 16 U.S.C. § 469. Section 469a–1 requires that any federal agency, whenever it finds, or has been notified in writing by an appropriate historical or archaeological authority, that its activities in connection with any federally licensed project may cause irreparable loss or destruction of significant data, notify the Secretary of the Interior in writing, and provide, if appropriate, information concerning the project. Section 469a–2 provides that the Secretary, upon such written notification and if he determines that such data is significant and is or may be irrevocably lost or destroyed, shall conduct a survey and other investigation of the areas which may be affected and recover and preserve such data.

Plaintiff has not alleged Defendants found or were notified by an archaeological authority of the existence of any "significant scientific, prehistorical, historical, or archeological data" that would have triggered their duty to notify the Secretary of the Interior of the same. *See* 16 U.S.C. § 469a-1. The DM specifically provides that Defendants' cultural records search and field survey did not identify an adverse impact to any archaeological or historic sites. (DM at 9.) Further, Plaintiff's claim that the access road constitutes an archaeological resource does not constitute the finding of significant historical or archaeological data from an appropriate archaeological authority. *See* 16 U.S.C. § 469a-1.

Plaintiff notes in his Amended Complaint that an archaeologist, Jonathan C. Horn, with Alpine Archaeological Consultants, Inc., prepared a report for PSC, concluding that one area implicated by the underlying project is "historic," "eligible" and recommending that it be

13

preserved and avoided.  (Am. Comp. at 9-10.).  Mr. Horn did not make such findings regarding

the access road.  (*Id.*)  Thus, based on the facts Plaintiff has alleged, to the extent Defendants

received information from an appropriate archaeological authority, it indicated that the access

road did not implicate AHPA concerns or requirements.  *See Attackai v. U.S.*, 746 F. Supp. 1395,

1410 (D. Ariz. 1990) (dismissing the plaintiff's APA claim based upon the AHPA because the

plaintiff had failed to allege that the defendant-agency had been notified by an appropriate

archaeological authority that the underlying project implicated any significant data; finding that

the plaintiff's contention that it did affect such data was insufficient).

### e.  DM

Finally, Plaintiff brings an APA claim based upon his allegations that Defendants' denial

of his appeal was based upon an arbitrary and capricious interpretation of the DM's reclamation

requirements.  (Am. Comp. at 14-17, 20; Resp. at 4-10.)  Defendants argue this claim should be

dismissed because the plain text of the DM supports their denial of his appeal.  (Mot. at 17-19,

22; Reply at 13-16.)

An agency action is "arbitrary and capricious if the agency 'relied on factors which

Congress had not intended it to consider, entirely failed to consider an important aspect of the

problem, offered an explanation for its decision that runs counter to the evidence before the

agency, or is so implausible that it could not be ascribed to a difference in view or the product of

agency expertise.'"  *Licon v. Ledezma*, 638 F.3d 1303, 1308 (10th Cir. 2011) (quoting *Nat'l Ass'n*

*of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007)). This "standard of review

is very deferential to the agency.  'A presumption of validity attaches to the agency action and

the burden of proof rests with the parties who challenge such action.'"  *Hillsdale Envtl. Loss*

*Prevention Act v. U.S. Army Corps. of Eng'rs*, 702 F.3d 1156, 1165 (10th Cir. 2012) (quoting

*Morris v. U.S. Nuclear Regulatory Comm'n*, 598 F.3d 677, 691 (10th Cir. 2010)) (internal

citation omitted)).  The Court confines its review "to ascertaining whether the agency examined

the relevant data and articulated a satisfactory explanation for its decision, including a rational

connection between the facts found and the decision made."  *Colo. Wild v. U.S. Forest Serv.*, 435

F.3d 1204, 1213 (10th Cir. 2006).

 Plaintiff's primary complaint regarding reclamation is that based upon his reading of the

DM, he did not anticipate being unable to use the access road following completion.  He

interpreted the DM's reclamation requirements as leaving the access road in much the same

condition it was in prior to PSC's underlying project.  "A fair reading of the reclamation section

of the DM leads to the inescapable conclusion that obliteration of the road, as endorsed by

Janowiak, is totally inconsistent with reclamation [as performed]."  (Resp. at 6.).  Plaintiff brings

this APA claim on the basis that his conclusion in this regard is the only plausible one.  The court

disagrees.

 It is undisputed that the access road can no longer be used by motor vehicles as there are

logs across the road, as well as large boulders and uneven terrain.  (Am. Comp. at 14-15; Doc. 1-

1 at 3; Doc. 1-2 at 1-3.)  In arguing that Defendants' acceptance of this reclamation result is

arbitrary and capricious, Plaintiff relies upon "discrete" DM provisions, *see* Resp. at 5, or more

accurately, portions of provisions.  For example, Plaintiff contends that the DM required every

culvert that PSC put in place during the project to remain.  (Resp. at 5.)  However, the plain

terms of the DM contradict Plaintiff's contention.  The DM provided, "Road base materials, such

as road base and culverts, will be left in place on private property and on FS, *as approved by the*

*FS*." (DM at 5.) (emphasis provided).  Thus, it very specifically contemplated that only culverts approved by the United States Forest Service would remain and it did not in any way guarantee that such approval would be forthcoming.  (*Id.*)

Plaintiff also relies upon portions of the DM providing that "the road prism will be left in place for future temporary use" and that the seed bed on the road surface would be prepared "with a smooth blade grader, bulldozer or other approved equipment according to the engineering reclamation plan." (Resp. at 5.)  Plaintiff complains that the reclamation contradicted these terms because in order to be available for future temporary use it would have to be "leveled, the logs and large rocks removed, the current rough surface smoothed, and the culverts replaced. . . . . far more was done to the surface than to prepare a seed bed to prevent erosion; instead, as alleged, the road was deep plowed (not with a 'smooth blade grader') producing a highly irregular, rock and log strewn surface." (Resp. at 5-6.)  He also complains about "[w]hat the DM does not say" because it never specified that logs would be dragged across the road or that the road would be deep plowed so that large rocks litter the surface.  (Resp. at 6.)

However, the DM provided not only that the access road not be maintained after reclamation, *see* DM at 5, but it was Defendants' intent that motor vehicle traffic would not be permitted on the same.  "The access road will be closed to motorized traffic after reclamation is completed." (DM at 5.)  It further explained that during the project the primary equipment used would be pickup trucks, but went on to state that equipment "may also include construction equipment such as a backhoe to perform reclamation work.  Where the road crosses the boundary between Forest and private property, physical barriers and/or signing will be put in place in

accordance with the FS requirements to prevent motorized vehicle travel on the access road."
(DM at 5.)

Plaintiff contends that "physical barriers at access points" does not suggest that PSC
would place physical barriers along the surface of the road or deep plow the same.  (Resp. at 6.)
Plaintiff may be correct if that provision was read in isolation and the DM had not further
addressed use of the access road.  However, reading the DM as a whole, it specifically provided
Defendants intended to prevent the travel of motorized vehicles along the access road and
contemplated using a backhoe during reclamation.  (DM at 5.)

Plaintiff's own interpretation of the DM does not set the standard for whether
Defendants' interpretation is arbitrary and capricious.  In order to assert a viable APA claim,
Plaintiff must sufficiently allege that Defendants' interpretation of the DM was "so implausible
that it could not be ascribed to a difference in view."  *Licon*, 638 F.3d at 1308.  Plaintiff has not
met that burden.  The DM specifically stated that a backhoe may be used on the access road
during reclamation, culverts may not remain and that Defendants did not intend for motor
vehicles to be used on the road following completion of the underlying project.  Defendants'
interpretation of the DM and whether PSC's reclamation efforts complied with the same may
differ from Plaintiff's, but under APA standards, it is not arbitrary and capricious.  *See* 5 U.S.C.
§ 706(2).

**2. Mandamus**

Plaintiff also requests a writ of mandamus related to each of his above claims.  Pursuant to 28 U.S.C. § 1361, district courts have original jurisdiction in the nature of mandamus to compel an agency or officer to perform a duty owed to the plaintiff.  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244-45 (10th Cir. 2007) ("application of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity") (internal quotations omitted)).  The granting of mandamus relief is a matter of judicial discretion, but a plaintiff must first show eligibility by establishing "(1) that he has a clear right to relief, (2) that the [defendant's] duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy."  *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).  The action requested must be a nondiscretionary, ministerial duty. *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991).  "[M]andamus is an extraordinary remedy that is granted only in the exercise of sound discretion."  *Miller v. French*, 530 U.S. 327, 339 (2000) (internal quotations omitted).  For mandamus to issue, "[p]etitioner must also show that his right to the writ is clear and indisputable."  *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (internal quotations omitted).

In light of the reasoning above, Plaintiff cannot, based on the facts alleged, meet his burden in establishing eligibility to a writ of mandamus.  His Amended Complaint does not allege sufficient facts to support an allegation Defendants have breached a non-discretionary duty on the basis of the ARPA, NHPA, AHPA or the DM.  Nor has Plaintiff adequately alleged that he has a clear right to relief under any of his claims.  Further, by this action, Plaintiff is

seeking adjudications under the APA as to each claim.  He clearly has a remedy available but for the fact that he cannot state a claim upon which such relief can be granted.

### 3.  Declaratory Judgment

Plaintiff also sought declaratory judgment with regard to each of the above claims.  The purpose of a declaratory judgment is to settle legal rights not already determined.  *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986).  Its principal goal "is to clarify in an expeditious manner the 'rights, liabilities, and other legal relationships' between adverse parties."  *Bethel Native Corp. v. Dept. of Interior*, 208 F.3d 1171, 1176 (9th Cir. 2000) (citation omitted).  In light of the above reasoning and recommendations herein, the court finds that Plaintiff's request should be denied.

### 4.  Motion for Leave to Amend

Plaintiff seeks leave to amend his Amended Complaint in order to add references to 5 U.S.C. §706(2) of the APA and remove his direct claim under the Freedom of Information Act. (*See generally* Doc. No. 41-3.)  Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993).  Proposed amendments are futile when the

amended complaint "would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240–41 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citations omitted).

In light of the court's recommended ruling above, the court finds that Plaintiff's amendment to add references to § 706(2) of the APA would be futile. Additionally, Plaintiff has already dismissed his claims under the Freedom of Information Act from this lawsuit. (Doc. No. 10.)

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Forest Service Defendants' Motion to Dismiss" (Doc. No. 28) be **GRANTED**;

**RECOMMENDS** that "Plaintiff's Motion for Leave to File Second Amended Complaint" (Doc. No. 41) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

    Dated this 8th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge