**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-3374-WJM-KMT

JOSEPH D. CHEAVENS,

     Plaintiff,

v.

PUBLIC SERVICE CORPORATION OF COLORADO, D/B/A XCEL ENERGY,
MATT JANOWIAK, as Ranger, Columbine District, San Juan National Forest,
KARA CHADWICK, as Supervisor, San Juan National Forest, and
NATIONAL FOREST SERVICE, an agency of the United States Department of
Agriculture,

     Defendants.

---

**ORDER ADOPTING RECOMMENDATIONS OF MAGISTRATE JUDGE GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

This matter is before the Court on United States Magistrate Judge Kathleen M.

Tafoya's Recommendations, both dated February 8, 2016.  The First Recommendation

(ECF No. 59) recommended granting a motion to dismiss (ECF No. 27) filed by

Defendant Public Service Corporation of Colorado ("PSC").   The Second

Recommendation (ECF No. 60) recommended granting a motion to dismiss (ECF No.

28) filed by Defendants Matt Janowiak, Kara Chadwick, and the National Forest Service

(collectively, "Forest Service Defendants").  The Second Recommendation also

recommended denying Plaintiff's Motion for Leave to File Second Amended Complaint

(ECF No. 41).

The First and Second Recommendations are incorporated herein by reference.

*See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After the Court granted Plaintiff's

Motion for Extension in part (*see* ECF No. 62), Plaintiff filed timely Objections to the

Recommendations (ECF No. 63) on March 10, 2016. On March 17, 2016, the Forest

Service Defendants filed a response to the Objection (ECF No. 65). For the reasons set

forth below, Plaintiff's Objection is overruled, the Recommendations are adopted, and

Plaintiff's claims are dismissed without prejudice.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly

objected to." An objection to a recommendation is properly made if it is both timely and

specific. *United States v. One Parcel of Real Prop. Known as 2121 East 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the

district judge to focus attention on those issues—factual and legal—that are at the heart

of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may

accept, reject, or modify the recommendation; receive further evidence; or return the

matter to the magistrate judge with instructions." *Id.* In the absence of a timely and

specific objection, "the district court may review a magistrate . . . [judge's] report under

any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.

1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72

Advisory Committee's Note ("When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court would usually construe his

pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, Plaintiff is an attorney and a graduate of Harvard Law School.  (ECF No. 32-1.)  Therefore, the Court is not obligated to construe Plaintiff's pleadings liberally.  *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

The motions underlying the Recommendation were filed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction.  Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction.  *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  The determination of a court's jurisdiction over subject matter is a question of law.  *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).  "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present

3

at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendations.[1]  (ECF No. 59 at 1–3; ECF No. 60 at 1–2.)  Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein.  The following is an abridged recitation of the facts and procedural history.

Plaintiff owns land located in Durango, Colorado, that adjoins the San Juan National Forest.  (ECF No. 20 at 2–3.)  Defendant PSC applied to Defendant National Forest Service for a Special Use Permit authorizing PSC to use a road within the San Juan National Forest (the "Road") in order to access and rebuild a dam known as the Stagecoach Dam.  (*Id.* at 1–2.)  The National Forest Service issued a Decision Memorandum ("DM") granting the Special Use Permit for the above stated purpose.  (ECF No. 1 at 18.)  The DM acknowledged that as part of the project, PSC would widen and strengthen the Road in order to accommodate the passage of equipment necessary to repair the Stagecoach Dam.  (*Id.* at 20–22.)

The DM also set out a description of "reclamation" efforts, which would occur

---

[1] Although Plaintiff objects to certain portions of the Recommendations, these objections do not challenge specific portions of the "Statement of Case" sections in the Recommendations. The Court finds no inconsistency between the facts as recited in the Recommendations and Plaintiff's allegations in his briefing.  Accordingly, the Court accepts the facts as stated by the Magistrate Judge for purposes of this order.

after PSC's repair of the dam were completed:

> Road fill materials, such as road base and culverts, will be
> left in place on private property . . . , as approved by the
> [Forest Service].  The road will not be maintained after the
> [Special Use Permit] expires, but the road prism will be left in
> place for future temporary use, resulting in approximately
> 2.05 acres of long-term disturbance on [Forest Service]
> lands.  Topsoil in disturbed staging and stockpile areas, on
> the dam embankment, and in borrow areas would be
> replaced after grubbing.  All areas within the limit of
> disturbance would be reclaimed by preparing the seed bed
> with a smooth blade grader, bulldozer, or other approved
> equipment according to the engineering reclamation plan.
> Reclamation would include seeding and mulching.  Where
> the road crosses the boundary between Forest and private
> property, physical barriers and/or signing will be put in place
> in accordance with [Forest Service] requirements to prevent
> motorized vehicle travel on the access road.

(*Id.* at 22.)  Plaintiff contends that PSC did not comply with the terms of the DM as it related to reclamation of the Road.  (ECF No. 20 at 20.)  According to Plaintiff, instead of reclaiming the Road, PSC obliterated it, at the approval or request of the National Forest Service.  (*Id.* at 14, 20.)  PSC allegedly deep plowed the surface of the Road, littering it with large rocks and an uneven surface.  (*Id.* at 14–15.)  Additionally, PSC left trees scattered across the Road and removed the four culverts they had installed during the project.  (*Id.* at 15–16.)

Following these actions, Plaintiff requested, through Defendant Ranger Matt Janowiak, that the National Forest Service require PSC to "perform reclamation as required by the DM."  (*Id.* at 20.)  Janowiak refused Plaintiff's request, stating that the reclamation work had been done in accordance with the DM.  (*Id.*; ECF No. 30-3.)  Plaintiff filed an administrative appeal of Janowiak's decision to Defendant Kara Chadwick, Forest Supervisor.  (ECF No. 20 at 20–21.)  In his appeal, Plaintiff asserted

5

that PSC's reclamation did not comply with the terms of the DM and that the National

Forest Service had failed to comply with the Archaeological Resources Protection Act

("ARPA") prior to issuing the DM.  (ECF No. 30-1 at 3–6.)  Chadwick denied Plaintiff's

appeal, upholding Janowiak's decision and finding that the National Forest Service had

complied with the ARPA.  (ECF No. 20 at 21; ECF No. 30-2.)

Based on this course of events, Plaintiff brings suit against PSC under the ARPA,

16 U.S.C. §§ 470aa *et seq*., the National Historic Preservation Act ("NHPA"), 16 U.S.C.

§§ 470, *et seq*. the Archaeological and Historic Preservation Act[2] ("AHPA"), 16 U.S.C.

§ 469, and the DM.  Plaintiff brings claims against the Forest Service Defendants under

the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, the ARPA, the NHPA, the

AHPA, and the DM.

PSC filed a Motion to Dismiss Plaintiff's Amended Complaint on April 20, 2015.

(ECF No. 27.)  The Forest Service Defendants filed their Motion to Dismiss that same

day.  (ECF No. 28.)  Plaintiff filed his Motion for Leave to File Second Amended

Complaint on June 22, 2015.  (ECF No. 41.)  The Magistrate Judge reviewed these

motions—along with the filed responses and replies—and issued her Recommendations

on February 8, 2016.  (*See* ECF No. 69; ECF No. 60.)

### III.  ANALYSIS

The Magistrate Judge recommended that PSC's Motion to Dismiss be granted,

---

[2]  The NHPA and AHPA were repealed, effective December 19, 2014, subsequent to the events underlying this lawsuit.  *See* National Park Service and Related Programs, Pub. L. No. 113-287, § 7, 128 Stat. 3094, 3272–77 (2014).  There is no dispute between the parties that each Act and its underlying requirements were in effect at all time periods relevant to this lawsuit.  Therefore, when citing to the NHPA and the AHPA, the Court cites to the United States Code, 2012 edition, which was in effect at the relevant time.

the Forest Service Defendants' Motion to Dismiss be granted, and that Plaintiff's Motion

for Leave be denied.  (ECF No. 59 at 13; ECF No. 60 at 20.)  The Magistrate Judge

made several findings to reach those recommendations.  Plaintiff specifically objects to

several of the Magistrate Judge's findings supporting her decision to recommend

granting Defendants' motions.  (*See* ECF No. 63)  The Court will address the Magistrate

Judge's findings and the corresponding objections in turn.

**A.    Claims Against PSC**

    1.    <u>NHPA and AHPA Claims</u>

Plaintiff does not object to the Magistrate Judge's recommendations regarding

two of his claims against PSC.  First, the Magistrate Judge found that Plaintiff's NHPA

claim against PSC should be dismissed because "[n]on-federal agencies are not liable

for violations of the NHPA."  (ECF No. 59 at 12 (citing *Pres. Coal. of Erie Cnty. v. Fed.

Transit Admin.*, 356 F.3d 444, 455 (2d Cir. 2004)).)  Plaintiff specifically chooses not to

object to that finding.  (ECF No. 63 at 21.)  Second, the Magistrate Judge found

Plaintiff's AHPA claim is not viable as asserted against PSC and recommended that it

be dismissed without prejudice.  (ECF No. 59 at 3.)  Plaintiff does not object to this

finding either.  (*See* ECF No. 63.)

Where Plaintiff does not object to the Magistrate Judge's findings, the Court

reviews those findings under a "clearly erroneous" standard of review.  The Court finds

no clear error in the Magistrate Judge's reasoning regarding these two claims.  Thus,

the Court adopts these findings.  Below, the Court analyzes the Magistrate Judge's

findings to which Plaintiff *does* object.

2.    ARPA Claim

Plaintiff brings a claim under the ARPA against PSC.  (ECF No. 20 at 17–18.)

Plaintiff argued, in his Amended Complaint, that the Road was an archaeological

resource, and therefore PSC was required to obtain a permit under the ARPA prior to

beginning its work on the Road.  (*Id*.)   Although the Court is not convinced that the

Road is an archaeological resource, it will leave aside that question for now.  According

to the Complaint, PSC—by damaging or altering the road, without an ARPA

permit—has violated the ARPA.  (*Id*.)

The Magistrate Judge found that PSC was not obligated to have an ARPA

permit.  (ECF No. 59 at 8.)  Under the applicable permitting regulation,

> [n]o permit shall be required . . . for any person conducting
> activities on the public lands under other permits, leases,
> licenses, or entitlements for use, when those activities are
> exclusively for purposes other than the excavation and/or
> removal of archaeological resources, even though those
> activities might incidentally result in the disturbance of
> archaeological resources.

43 C.F.R. § 7.5(b)(1).  PSC received a permit for land use related to repairing the

Stagecoach Dam and not for the purpose of excavating or removing archaeological

resources.  Thus, PSC is not subject to the permit requirements of the ARPA.

In his Objection, Plaintiff concedes that PSC is not subject to the permit

requirements.  (ECF No. 63 at 15.)  However, Plaintiff contends that PSC has violated

Section 6 of the ARPA, 16 U.S.C. § 470ee, meaning that his claim survives.  (*Id*.)

Section 6 of the ARPA says that "[n]o person may . . . damage, or otherwise alter or

deface . . . any archaeological resource located on public lands."  16 U.S.C. § 470ee(a).

But, Section 6 is a criminal statute which imposes criminal penalties on those who fail to

obtain a required permit and commit certain further acts.  *See id.* § 470ee(d) ("Any

person who knowingly violates . . . any prohibition contained in subsection (a) . . . shall,

*upon conviction*, be fined not more than $10,000 or imprisoned not more than one year,

or both . . . ." (emphasis added)).  Plaintiff provides no support for the proposition that

Section 6 of the ARPA—as a criminal statute—is, individually, the source of a private

right of action.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive

federal law itself, private rights of action to enforce federal law must be created by

Congress.").  Thus, the Court adopts the Recommendation as to Plaintiff's ARPA claim

against PSC.  The Court finds that Plaintiff fails to state an ARPA claim against PSC

and dismisses this claim without prejudice.

      3.   <u>DM Claim</u>

      Plaintiff purports to assert a claim against PSC based on its alleged violation of

the terms of the DM.  (ECF No. 20 at 20.)  Plaintiff contends that the DM "has the force

of federal law" and therefore he may assert a claim because PSC's actions have

"violated" federal law.  (*Id*.)

      The burden of establishing subject matter jurisdiction is on the party asserting

jurisdiction.  *Basso*, 495 F.2d at 909.  The Magistrate Judge found that Plaintiff had

"failed to cite any authority, legal or otherwise, establishing that [the Court] has

jurisdiction to hear this claim."  (ECF No. 59 at 13.)  Thus the Magistrate Judge

concluded that Plaintiff had failed to meet his burden and had failed to state a claim

under the DM.  (*Id.*)

      Plaintiff objects to this finding.  (ECF No. 63 at 9.)  However, in support of his

position, Plaintiff only cites the general statutes providing for diversity and federal

question jurisdiction: 28 U.S.C. §§ 1331 and 1332.  (*Id.*)  Plaintiff provides no basis for

his DM claim under any common law cause of action.  Furthermore, he provides no

statutory basis for private right of action for this claim.  *See Alexander*, 532 U.S. at 286

("Like substantive federal law itself, private rights of action to enforce federal law must

be created by Congress.").  Accordingly, the Court agrees with the Magistrate Judge's

findings and adopts the Recommendation as to the DM claim against PSC.  The Court

finds that Plaintiff fails to state a claim under the DM against PSC and dismisses the

claim without prejudice.

**B.**    **Claims Against Forest Service Defendants**

      1.    <u>Independent Claims</u>

It is not entirely clear if Plaintiff intends to bring all of its claims against the Forest

Service Defendants under the APA, or if he intends to also bring those claims

independently of the APA.  The Magistrate Judge seems to analyze all of Plaintiff's

claims against the Forest Service Defendants as if they arise under the APA.  (*See* ECF

No. 60.)  The Court will assess Plaintiff's claims against these Defendants as both

independent actions and as they arise under the APA.


      a.    *ARPA Claim*

The Court has found that Plaintiff has failed to state an independent ARPA claim

against PSC (Plaintiff concedes that an ARPA permit was not required and the Court

finds that Plaintiff has no private right of action under Section 6 of the ARPA).  For the

same reasons, the Court finds that Plaintiff also fails to state an independent claim

under the ARPA against the Forest Service Defendants.  Therefore the Court dismisses

this claim without prejudice.

b.  *NHPA Claim*

Plaintiff attempts to state a claim under the NHPA in his Amended Complaint. (ECF No. 20 at 18–19.)  The Magistrate Judge not does discuss whether or not Plaintiff has stated an NHPA claim independent of the APA against the Forest Service Defendants.  (*See* ECF No. 60.)  Regardless, the Court finds that he has not.

As to the Forest Service Defendants, Plaintiff only alleges that the National Forest Service failed to perform actions required of it under Section 106 of the NHPA. (*Id.* at 19.)  Section 6 of the NHPA requires, among other things, that an agency notify and solicit comment from the Advisory Council on Historic Preservation.  16 U.S.C. § 470f.  The regulations implementing the NHPA also require agencies to "consult with state historic preservation officers ('SHPOs'), make reasonable and good faith efforts to identify historic properties, determine their eligibility for listing in the National Register of Historic Places, and assess the effects of a project on such properties."  *Pres. Coal.*, 356 F.3d at 447.

However, Plaintiff provides no factual allegations in his Amended Complaint to articulate the way in which he believes the National Forest Service failed to comply with Section 106 of the NHPA.  (*See* ECF No. 20.)  Plaintiff includes more details in his later filings, but his argument in the Amended Complaint is merely conclusory.  *See Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704994, at *3 (D. Colo. Aug. 24, 2012) ("The plaintiff may not amend [the] complaint via assertions made in response to a motion to dismiss.").  Therefore, the Court finds that Plaintiff has failed to state an NHPA claim against the Forest Service Defendants and dismisses the claim without prejudice.

11

Given this disposition, the Court need not and will not decide whether Plaintiff has a private right of action under the NHPA.

   c. *AHPA Claim*

Plaintiff claims that the AHPA was violated when historical or archaeological data were destroyed or damaged in the process of PSC's reclamation of the Road.  (ECF No. 20 at 19.)  The Magistrate Judge found that Plaintiff failed to state a claim under the AHPA against the Forest Service Defendants.  (ECF No. 60 at 13–14.)  Plaintiff objects to this finding.  (ECF No. 63 at 19–20.)

The AHPA provides protection to "historical and archaeological data . . . which might otherwise be irreparably lost or destroyed" as the result of federally licensed programs or projects.  16 U.S.C. § 469.  Under the Act, whenever "any Federal agency finds, or is notified, in writing, by an appropriate historical or archaeological authority, that its activities in connection with any . . . federally licensed project, activity, or program may cause irreparable loss or destruction of significant . . . historical, or archaeological data," the agency must notify the Secretary of the Interior in writing, providing any appropriate information concerning the project.  *Id*. § 469a-1.  The Secretary, if he or she determines that such data is [sic] significant and may be irrevocably lost or destroyed, must conduct a survey and other investigation of the areas which may be affected and "recover and preserve such data."  *Id*. § 469a-2.

Plaintiff has not alleged Defendants found or were notified by any archaeological authority of the existence of any significant scientific, prehistorical, or archaeological data in order to trigger their duties under the AHPA.  (*See* ECF No. 20.)  Plaintiff alleges that one archaeologist, Jonathan C. Horn, prepared a report for PSC, concluding that

part of the dam project site is "historic" and should be preserved. (*Id.* at 9–10.) However, Horn did not make such findings as to the Road. (*Id*.)

Plaintiff argues, in his Objection, that the Forest Service Defendants were notified through documents he sent to the Forest Service Defendants, including emails. (ECF No. 63 at 19–20.) Plaintiff admits that the Forest Service Defendants were not notified of the damage by an archaeological authority. (*Id*.) Additionally, Plaintiff provided documents from Chris Maschino, a historical researcher, to the Forest Service Defendants. (*Id*.) But, those documents were not delivered to the Defendants until June 2015, after Plaintiff had filed his First Amended Complaint. (*See id.*)

Therefore the Court adopts the Recommendation as to the AHPA claim against the Forest Service Defendants. The Court finds that Plaintiff has failed to state an AHPA claim against the Forest Service Defendants and dismisses the claim without prejudice. Given this disposition, the Court need not and will not decide whether Plaintiff has a private right of action under the NHPA.

        d.    *DM Claim*

The Court has found that Plaintiff has failed to state an independent claim under the DM against PSC, because Plaintiff fails to allege a proper cause of action. For the same reasons, the Court find that Plaintiff also fails to state an independent claim under the DM against the Forest Service Defendants. Therefore the Court dismisses this claim without prejudice.

        2.    <u>APA Claims</u>

In his Amended Complaint, Plaintiff claims that he is seeking judicial review of agency action under the APA. (ECF No. 20 at 20.) The Forest Service Defendants

moved to dismiss this claim, on the grounds that Plaintiff failed to state a claim under 5 U.S.C. § 706(1)–(2).  (ECF No. 28 at 14–19.)  In the Recommendation, the Magistrate Judge agreed with the Forest Service Defendants as to Plaintiff's APA claims and performed extensive analysis of Plaintiff's claims under the standards of  5 U.S.C. § 706(1)–(2).  (ECF No. 60 at 4–17.)  Although Plaintiff objects to the Magistrate Judge's findings, he does not argue in either his Objection or his Response to the motions that his APA claims were addressed in a procedurally improper manner.  (*See* ECF No. 30; ECF No. 63.)  Specifically, Plaintiff does not object that the record before the Court is incomplete to perform an analysis such as the one performed by the Magistrate Judge. *Cf*. D.C.COLO.LAPR 16.1 (discussing procedures for administrative review of agency action).  Therefore, even though the Court does not normally reach the question of "unlawfully withheld" and "arbitrary and capricious" agency actions in a Rule 12(b)(6) posture, the Court will assume the record is sufficient to do so here.

> a.    *The APA*

In his Amended Complaint, Plaintiff indicates that he is bringing claims against the Defendants pursuant to 5 U.S.C. § 706(1) of the APA "for failure of the agency to perform its duties under the statutes and regulations governing the operation of the National Forest System and under ARPA, NHPA, and 16 U.S.C. § 469."  (ECF No. 20 at 5, 20–21.)  Section 706(1) of the APA provides that a reviewing court can "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Under § 706(1), Plaintiff must assert "that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. S. Utah Wilderness  Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).

14

In some of his claims, Plaintiff does not seem to be asserting that the Forest Service Defendants failed to act, but, rather that he disagrees with the actions that the Defendants did take.  (*See* ECF No. 20.)  Challenges to specific agency actions fall under 5 U.S.C. § 706(2).  Given the argument in Plaintiff's Motion for Leave to Amend, it is clear that Plaintiff intended to challenge agency actions under § 706(2), including the Forest Service Defendants' denial of his administrative appeal.  (*See* ECF No. 28; ECF No. 41.)  Consequently, the Magistrate Judge found that Plaintiff was most likely to rely on subparts (A) and (D) of § 706(2) and made her recommendations as to Plaintiff's APA claims based on that assumption.  (ECF No. 60 at 6.)  Plaintiff does not object to this and agrees that he intended to include APA claims based on subparts (A) and (D) of § 706(2).  (ECF No. 63 at 13.)  Yet, he objects to the findings and recommendations reached by the Magistrate Judge as the result of her analysis.  (*Id*.)

Subpart A says that the Court can "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Subpart D allows the Court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law."  *Id*. § 706(2)(D).  The Court will apply these subsections, as well as § 706(1) in reaching its conclusions as to Plaintiff's APA claims.

        b.    *ARPA Claim*

In his administrative appeal to Defendant Chadwick, Plaintiff argued that the National Forest Service had violated the ARPA.  (ECF No. 30-1 at 5–6.)  The Magistrate Judge found that the Forest Service Defendants' denial of Plaintiff's appeal on this basis

was not arbitrary and capricious.  (ECF No. 60 at 9.)  Plaintiff objects to this finding.

(ECF No. 63 at 15.)  Although Plaintiff concedes that the Forest Service Defendants

were not required to go through the permitting process required by ARPA, he still

contends that he may bring an ARPA claim against these Defendants for "permitting

PSC to destroy the road in violation of Section 6 of the ARPA."  (*Id.*)

Nevertheless, as the Court found above, Section 6 of the ARPA is a criminal

statute.  Plaintiff presents no authority that, under the APA, the Court may review the

Forest Service Defendants' prosecutorial discretion in choosing whether or not to

enforce a criminal statute.  Therefore, the Court finds that, as to the ARPA, the denial of

Plaintiff's administrative appeal was not arbitrary and capricious nor otherwise improper

under §§ 706(2)(A) and 706(2)(D).  For the same reasons, the Court also finds that no

agency action was unlawfully withheld or unreasonably delayed under § 706(1).  The

Court adopts the Recommendation as to the ARPA claim under the APA.  The Court

dismisses this claim without prejudice.

       c.    *NHPA Claim*

The Magistrate Judge recommended that Plaintiff's APA claim based on the

NHPA be dismissed.  (ECF No. 60 at 9–12.)  Plaintiff objects and argues that he has

stated a claim under  5 U.S.C. § 706(1).  However, the Court has already found that

Plaintiff has failed to allege a factual basis to support his conclusion that the National

Forest Service violated the NHPA.  For the same reasons, the Court finds that Plaintiff

does not sufficiently allege that any agency action was unlawfully withheld or

unreasonably delayed.  Therefore the Court finds that Plaintiff does not properly allege

any claim under § 706(1).  Due to the limited nature of Plaintiff's allegations, the Court

16

also finds that, as to the NHPA, the denial of Plaintiff's administrative appeal was not arbitrary and capricious nor otherwise improper under §§ 706(2)(A) and 706(2)(D).

Consequently, the Court adopts the Recommendation as to the NHPA claim under the APA.  The Court dismisses this claim without prejudice.  The Magistrate Judge left unresolved the question of whether or not Plaintiff had exhausted his administrative remedies as to the NHPA.  (ECF No. 60 at 10.)  The Court likewise does not address that question.

      d.    *AHPA Claim*

The Court has found that Plaintiff fails to state an independent AHPA claim against the Forest Service Defendants because Plaintiff does not plead the necessary elements to trigger the statute.  Accordingly, the Court finds that the actions of the Forest Service Defendants as to the AHPA were not arbitrary and capricious, nor otherwise improper under §§ 706(2)(A) and 706(2)(D).  For these same reasons, the Court also finds that no agency action was unlawfully withheld or unreasonably delayed as to the AHPA, under § 706(1).

The Magistrate Judge left unresolved the question of whether or not Plaintiff had exhausted his administrative remedies as to the AHPA.  (ECF No. 60 at 12.)  The Court likewise does not address that question.

      e.    *DM Claim*

The Magistrate Judge recommended that Plaintiff's DM claim under the APA be dismissed.  (ECF No. 60 at 7, 17, 20.)  Plaintiff objects on several grounds.  As to his 5 U.S.C. § 706(2) claim, Plaintiff objects that denying his administrative appeal was arbitrary, capricious, an abuse of discretion, and a failure to act in accordance with law.

(ECF No. 63 at 13.)

Plaintiff's § 706(2) claim is based upon his allegations that the Forest Service Defendants' denial of his administrative appeal was based on an arbitrary and capricious interpretation of the DM's reclamation requirements.  (ECF No. 20 at 14–17, 20.)  The Court agrees with the Magistrate Judge's analysis in the Recommendation as to Plaintiff's DM claim under § 706(2).  Therefore, the Court adopts the Recommendation's analysis as to this issue, and incorporates it herein.

Briefly, an agency action is "arbitrary and capricious if the agency relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Licon v. Ledezma*, 638 F.3d 1303, 1308 (10th Cir. 2011).  This "standard of review is very deferential to the agency. A presumption of validity attaches to the agency action and the burden of proof rests with the parties who challenge such action."  *Hillsdale Envtl. Loss Prevention, Inc. v. U.S. Army Corps. of Eng'rs*, 702 F.3d 1156, 1165 (10th Cir. 2012) (internal citation and quotation marks omitted).  The Court confines its review "to ascertaining whether the agency examined the relevant data and articulated a satisfactory explanation for its decision, including a rational connection between the facts found and the decision made."  *Colo. Wild v. U.S. Forest Serv.*, 435 F.3d 1204, 1213 (10th Cir. 2006).

Plaintiff objects to these findings and argues that the Magistrate Judge incorrectly interpreted the language of several passages from the DM.  (ECF No. 63 at 2–8.) However, the Court finds that the Magistrate Judge was correct in finding the Forest

18

Service Defendants' interpretation of the DM was neither arbitrary nor capricious. Plaintiff's own interpretation of the DM does not set the standard for whether Defendants' interpretation is arbitrary and capricious.  In order to assert a viable APA claim, Plaintiff must sufficiently allege that Defendants' interpretation of the DM was "so implausible that it could not be ascribed to a difference in view."  *Licon*, 638 F.3d at 1308.  Plaintiff has not met that burden.

The language of the DM provides that a backhoe may be used on the access road during reclamation, that the presence of the culverts would be subject to the approval of the Forest Service, and that physical barriers would be put in place to prevent the access of motor vehicles to the Road following reclamation.  (ECF No. 1 at 22.)  This language is consistent with Defendants' interpretation of the DM as articulated by Defendants Janowiak and Chadwick.  (*See* ECF No. 30-2; ECF No. 30-3.)  The language is also consistent with the conditions of the Road after reclamation, as alleged by Plaintiff.  (*See* ECF No. 20.)  The rocks and trees along the road could reasonably serve as physical barriers to prevent future use of the Road.  Plaintiff's understanding of the DM may differ, but under APA standards, Defendants' actions were not arbitrary and capricious.  *See* 5 U.S.C. § 706(2).

Plaintiff also objects on an additional basis, arguing that he has a valid claim under 5 U.S.C. § 706(1).  (ECF No. 63 at 12.)  Plaintiff argues that the Court should compel the Forest Service Defendants to require PSC to undertake the reclamation as specified in the DM.  (*Id*.)  But Defendants argue that they did enforce the DM, as they understand it.  (ECF No. 30-2 at 2; ECF No. 30-3 at 3. )  Thus, Plaintiff's contention that the Forest Service Defendants did not require PSC to follow the DM is based entirely on

his contention that Defendants incorrectly interpreted the DM.  As the Court held above,

the government's interpretation receives deference from the Court.  Given the Court's

finding that the Forest Service Defendants' interpretation of the DM was reasonable,

Plaintiff cannot establish that Plaintiff unlawfully withheld the agency action of requiring

PSC to follow the DM.

Also, the Forest Service Defendants did take action on the DM.  The denial of

Plaintiff's administrative appeal was an agency action.  The Supreme Court has held

that "[a] 'failure to act' is not the same thing as a 'denial.'  The latter is the agency's act

of saying no to a request; the former is simply the omission of an action without formally

rejecting a request."  *Norton*, 542 U.S. at 63.  Thus, to the extent that Plaintiff

challenges the denial of his administrative appeal, his claim is under 5 U.S.C. § 706(2)

and not § 706(1).

The Court adopts the Recommendation as to this claim.  The Court dismisses

Plaintiff's DM claims under the APA.

## C.    Mandamus

Plaintiff requests a writ of mandamus related to each of his claims.  The

Magistrate Judge found that Plaintiff cannot meet his burden to establish eligibility for a

writ of mandamus.  (ECF No. 60 at 18.)  Plaintiff objects to this finding as to his APA

claims.  (ECF No. 63 at 21–22.)  "[M]andamus is an extraordinary remedy that is

granted only in the exercise of sound discretion."  *Miller v. French*, 530 U.S. 327, 339

(2000) (internal quotation marks omitted).  The granting of mandamus relief is a matter

of judicial discretion, but a plaintiff must first show eligibility by establishing "(1) that he

has a clear right to relief, (2) that the [defendant's] duty to perform the act in question is

plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).  Given the above analysis, the Court finds that Plaintiff has not adequately alleged that he has a clear right to relief under any of his claims.  Therefore, the Court agrees with the Magistrate Judge and will not order a writ of mandamus.

## D.    Declaratory Judgment

Plaintiff seeks declaratory judgment on each of his claims.  (ECF No. 20 at 21–22.)  The Magistrate Judge found that Plaintiff's request should be denied.  (ECF No. 60 at 19.)  Plaintiff objects and argues that the Magistrate Judge provided an insufficient amount of analysis in support of her finding.  (ECF No. 63 at 22).  The purpose of a declaratory judgment is to settle legal rights not already determined. *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986).  Here, Plaintiff seeks a declaratory judgment which asserts, essentially, that he prevails on his other claims. Since the Court has found that Plaintiff fails to state those other claims, the Court agrees with the Magistrate Judge that Plaintiff's request for declaratory judgment should be denied.

## E.    Freedom of Information Act Attorneys' Fees

Plaintiff's initial Complaint contained a claim under the Freedom of Information Act ("FOIA").  (ECF No. 1 at 16.)  Plaintiff dismissed this claim voluntarily on March 3, 2015.  (ECF No. 18.)  Plaintiff nevertheless seeks an award of attorneys' fees under FOIA, 5 U.S.C. 552(a)(4)(E), for having "substantially prevailed" on his FOIA claim. (ECF No. 20 at 20–21.)

Plaintiff is not entitled to fees under FOIA.  First, he has not substantially

prevailed on his FOIA claim, as it has been dismissed.  Second, attorneys' fees are not available for *pro se* parties, including lawyers such as Plaintiff, under FOIA.  *See Pietrangelo v. U.S. Army*, 568 F.3d 341, 342 (2d Cir. 2009) ("With respect to attorneys' fees, we join our sister Circuits and hold that lawyers representing themselves in FOIA litigation are not eligible for attorneys' fees under section 552(a)(4)(E).")*; see also Burke v. U.S. Dep't of Justice*, 559 F.2d 1182 (10th Cir. 1977) (affirming ruling that *pro se* litigants are not eligible for attorneys' fees under FOIA).  The Court denies Plaintiff's request for attorneys' fees under FOIA.

## F.    Motion for Leave to Amend

Plaintiff seeks leave to file a Second Amended Complaint in order to add references to 5 U.S.C. § 706(2) of the APA and to remove portions of the Amended Complaint requesting attorneys' fees under FOIA.  (ECF No. 41 at 1–2.)  The Magistrate Judge recommended that Plaintiff's Motion be denied as futile.  (ECF No. 60 at 20.)  Plaintiff objects and argues that the Magistrate Judge has abused her discretion.  (ECF No. 63 at 11–12.)

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  "[T]he grant or denial of an opportunity to amend is within the discretion" of the Court, but an "outright refusal to grant the leave without any justifying reason" is an abuse of discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or *futility of amendment*." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (emphasis added).

22

Proposed amendments are futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

In light of the Court's above analysis as to Plaintiff's APA and FOIA claims, the Court finds that Plaintiff's amendments would be futile. The Court has found that Plaintiff would fail to state a claim under § 706(2) of the APA. Additionally, the Court has denied Plaintiff's request for attorneys' fees under FOIA. Therefore, the Court denies Plaintiff's Motion for Leave to File Second Amended Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The First Recommendation (ECF No. 59) and Second Recommendation (ECF No. 60) are ADOPTED;

2. Plaintiff's Objection (ECF No. 63) is OVERRULED;

3. Public Service Company of Colorado's Motion to Dismiss (ECF No. 27) is GRANTED;

4. Forest Service Defendants' Motion to Dismiss (ECF No. 28) is GRANTED;

5. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 41) is DENIED; and

6. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Dated this 31st day of March, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge